UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ROBERT L. HOLLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 2:11-cv-315-WTL-WGH |
| ) | |
| T. MARK, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Denying Motion to Reconsider**

A motion to reconsider is designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue. On the other hand, a motion for reconsideration is an "improper vehicle to introduce evidence previously available or to tender new legal theories." *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986).

Plaintiff Robert Holleman seeks reconsideration of the ruling on page 2 of the Entry issued on October 16, 2012. Specifically, Holleman objects to the dismissal of the claims against defendant Snyder. Holleman alleges that defendant Snyder refused to allow Holleman to grieve the cold conditions on the Secured Control Unit in violation of his First Amendment and Due Process Rights. The court stated:

> Prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts, and this right is not compromised by the failure of the prison to address his grievances. *Flick v. Alba,* 932 F.3d 728, 729 (8th Cir. 1991). As explained in *Antonelli v. Sheahan,* Aany right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.@ 81 F.3d 1422, 1430-31 (7th Cir. 1996) (internal citations omitted). The foregoing has recently been cited as Circuit law Aspecifically denouncing a Fourteenth Amendment substantive due-process right to an inmate

grievance procedure.@ *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008). Because Holleman had no expectation of a particular outcome of his grievances, there is no viable claim which can be vindicated through ' 1983.

Holleman argues that the court concluded that he has no right to seek redress of his grievances from the government. This conclusion goes too far. The court stated that prisoners do have a constitutional right to seek redress of their grievances from the government, but that right is the right of access to the courts. In support of such a right of access to the courts claim, Holleman alleges that defendant Snyder prevented him from filing grievances to exhaust his administrative remedies related to the cold conditions of the Secured Housing Unit and that this (presumably) impeded his litigation of a non-frivolous legal claim. Holleman's, claim fails however, because he has not alleged that any case related to the cold conditions (which he sought to grieve) was dismissed for failure to exhaust. In other words, Holleman has not shown an actual injury. See *Jacobs v. Gerber*, 403 Fed. Appx. 67, 69, 2010 WL 4386856, 2 (7th Cir. 2010) (finding no actual injury when grievance process was made unavailable). In any event, such an actual injury should not result under the circumstances alleged because the Prison Litigation Reform Act (PLRA) requires exhaustion only of those administrative remedies "as are available," the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." *Nunez v. Duncan*, 591 F.3d 1217, 1223-24 (9th Cir. 2010). "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Kaba v. Stepp,* 458 F.3d 678, 684 (7th Cir. 2006).

Finally, Holleman's citation to *Doobey v. Illinois Department of Correction*, 574 F.3d 443, 446 (7th Cir. 2009) is not relevant to the prior analysis. In *Doobey*, the issue was whether the defendants retaliated against the plaintiff for exercising his First Amendment rights, by grieving and publicizing the alleged misconduct. The court stated that "[t]his is not the case in which to try to straighten out the law of petitioning for redress of grievances." *Id.* at 447.

For the reasons stated above, the request for reconsideration [13] is **denied.**

**IT IS SO ORDERED.**

Date: 11/27/2012 _____

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. HOLLEMAN
10067
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

All Electronically Registered Counsel